No. 28,425.

EDITH M. CROWLEY et al., *Appellants*, v. GEORGE G. NIXON et al.,
*Appellees.*

(272 Pac. 104.)

Opinion filed
December 8, 1928.

*A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, and *Ira C. Snyder,* of Manhattan, for the appellants.

*Henry Torgeson,* of Council Grove, *H. W. Hart, Glenn Porter, Enos E. Hook, Edward H. Jamison* and *Getto McDonald,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to construe a provision of the will of Mary M. Nixon, deceased, which reads:

"I further give, devise and bequeath to my son, Wm. Nixon, the old home place about four miles north of Council Grove, Kansas, being the north one-half of the southeast quarter and the northeast quarter of the southwest quarter of section 27, in township 15, range 8, Morris county, Kansas, upon the following conditions: Said Wm. Nixon shall pay within two years after my death to George Nixon, $685.71; David Nixon, $685.71; Gertrude Ramsey, $685.71; Tillie C. Kahl, $685.71; Carrie Munkers, $685.71, and Edith Crowley, $685.71; and in case said Wm. Nixon does not accept said farm upon the said terms, then the executor shall sell said farm, and authority is hereby given to sell and convey said farm and divide the proceeds of said farm among my children above named (in proportion to the amounts designated, to be paid by said Wm. Nixon in case he takes said farm) and in such case one-seventh of the net proceeds from the sale of said farm shall go to the said Wm. Nixon."

It appears that Wm. Nixon failed to make payment of the sums required within the two years. Subsequent thereto the plaintiffs

filed this action praying the court to construe the will, and that Wm. Nixon, as executor, be required to sell the property in controversy and divide the proceeds among the other heirs, one-seventh each. Upon being served with summons Wm. Nixon made payment to various of the other devisees and procured releases from them. He then filed an answer, setting up the releases, whereupon the plaintiffs replied that the releases had been procured by his false and fraudulent representations.

The defendants (Wm. Nixon and Wm. Nixon, executor) contend that under the provisions of the will the fee simple title to the premises in controversy, upon the admission of the will to probate, passed to and vested absolutely in Wm. Nixon, and that he has been at all times since and now is the owner thereof. That the provisions of the will did not make the vesting of the fee title in him a condition or dependent in any manner upon the payment of the bequests mentioned, but created only a personal liability against him. That he accepted the farm and has been in the exclusive possession thereof ever since. That he paid the plaintiffs the amounts to which they were entitled, which released him from further obligation to them. Also, that he could not with safety make payment of the bequests under the provisions of the will until after the estate of Mary Nixon had been settled, and until after a final determination by the probate court that no other claims had been allowed against the estate. The defendants also contend that it was the intention of Mary Nixon to devise the land to Wm. Nixon charged with specific legacies, that is, that the legacies should be paid out of the land itself. It is argued that when realty is devised absolutely, with the condition that the devisee either support someone favored by the testator or pay a certain amount to others of his relatives, such condition only makes the payment or support a charge on the devisee; that such a condition is never construed as a condition subsequent unless in the clearest of terms it is declared to be such condition; that the courts will never imply a condition subsequent; that whenever the condition is made in consideration for the devising of the land in question such a condition is construed to be a charge on the land devised, which land is to be considered as a security for the payment of the condition imposed.

Whether or not the provision constituted a condition precedent or

subsequent, its terms were so clear that we are of the opinion if Wm. Nixon desired to accept the bequest he was bound to do so in accordance with the stated conditions. He was bound to perform within the two years, and that having failed to do so he lost title to the property. Mary M. Nixon was privileged to write into her will such conditions as she desired so long as they were not contrary to law, and Wm. Nixon was privileged to accept or reject them.

"The right to make a will includes the right to make it according to the testator's own desire, subject only to the statutory restrictions. It is no condition of this right that the will shall please a jury, or a court, or the testator's relatives or anyone else." (*Ginter v. Ginter*, 79 Kan. 721, syl. ¶ 9, 101 Pac. 634.)

In construing a will it is the duty of the court to give effect to every part thereof, and the intention of the testator as so expressed shall prevail when not inconsistent with the rules of law.

When a condition precedent or a condition subsequent is provided for in a will, and a time is given in which the devisee is to comply therewith, ordinarily it must be performed within that time.

"Whether a condition subsequent must be performed within a reasonable period after the vesting of the estate, or whether the devisee shall have his whole life to perform it, is often difficult to determine. No question as to the period within which a condition subsequent must be performed can arise where the testator has expressly indicated the length of time which the devisee shall have for its performance." (1 Underhill on Wills, § 487, p. 645.)

"Where no time is fixed for the performance of a condition, the law gives a reasonable time in which to perform the same. Where there has been a pure testimentary gift upon condition and a clear and unqualified acceptance thereof by the legatee, evinced by entering into possession, the legatee must perform the condition however burdensome." (18 A. & E. Encyc. of L., 2d ed., 734.)

The defendants cite and rely upon a class of cases which hold that "a condition subsequent which defeats the estate in fee which has already been created by the same instrument, must clearly appear and not be implied." (*Skillman v. Van Pelt et ux.*, 1 N. J. Eq. 511; *Roberts v. Crume*, 179 Mo. 572, 73 S. W. 662; *Graham v. Graham*, 297 Mo. 290, 249 S. W. 37.) They also cite and rely upon *Korn v. Friz*, 128 Mo. 428, 107 N. W. 659, wherein the court was considering a devise of a farm by the testator to his son William Korn upon the express condition that the son should pay to his daughter five thousand dollars within one year after the death of the testator's wife. The court used this language:

"This naturally brings us to a consideration of the intent with reference to

this legacy. The will does not, in terms, provide that the same should be a charge, but uses the expression that the devise to William is upon the condition that he shall, within one year after the widow's death, pay this amount to Phillipina. The expression 'upon condition,' if not otherwise qualified, might be construed as a condition precedent so that William could not take the land at all without making such payment, but since he was to take in possession immediately upon his mother's death, and was not required to make the payment until afterwards, namely, within a year, of course no condition precedent was intended. If, then, it is a condition at all, it is a condition subsequent; but there is no suggestion that his title is to be divested upon breach of that condition, and no provision is made for anyone else to take the land upon such breach." (p. 436.)

It will be noted that in the instant case the bequest was upon condition that he pay within two years after death of the testatrix, and that "in case Wm. Nixon does not accept said farm upon said terms" then it shall be otherwise disposed of, so it appears clear that Wm. Nixon was not to receive the fee in the farm except upon the conditions stated. But it is argued Wm. Nixon accepted the farm and destroyed the alternative provided by the will, and became personally liable to pay the legacies in consideration of his having taken the property. We think he could not take it except by compliance with the conditions, and this he did not do. In our opinion the requirement in the clause is more in the nature of a consideration for the devise.

In *Campbell v. Durant*, 110 Kan. 30, 202 Pac. 841, it was said in the opinion:

"There is also a minor matter, not now controlling, but which will require the attention and compliance of plaintiffs before their title to the real property devised to them will be free from possible defeasance. It was devised to their father, Charles A. Campbell, upon condition that a $250 tombstone be placed by the beneficiary at the testator's grave. Necessarily this is a condition subsequent because title passed to plaintiff's father at the moment of the testator's death, and the tombstone could not be erected at the testator's grave until later. The condition however, must be met, and that, too, within a reasonable time, otherwise plaintiff's title will be subject to defeasance at the suit of the testator's heirs." (p. 33. See, also, *Hawkins v. Hanson*, 92 Kan. 740, 142 Pac. 280.)

In *Mollenkamp v. Farr*, 70 Kan. 786, 79 Pac. 646, this language was used in the opinion:

"It is evident that the father had no thought of discriminating against any of his children; that he wished his sons to acquire title to the farm, to the exclusion of their sisters, only upon making them due compensation to be

determined by the method indicated. . . . The requirement exacted of the defendants was in the nature of a consideration for the devise, and on that account it should be regarded as a condition precedent." (p. 790.)

In *Wheeler v. Walker*, 2 Conn. 196, it was said:

"Where a testator devises an estate to his two sons, they jointly and severally paying to each of his two daughters a certain sum within one year after his decease, it was held that this was a conditional devise to the sons, and to entitle themselves to the estate they were bound to perform the conditions strictly by paying the money within the time prescribed." (Syl.)

"The question is, whether this is an absolute devise of the lands to the sons, and a legacy to each of the daughters, or whether it is a device on condition that the sons pay to each of the daughters $300. The word 'paying' according to all the authorities clearly imports a condition. There is no gift or legacy to the daughters. No right is created in their favor by the will; nor any words used which can be construed to imply such intent. It is then a conditional devise. The devisor has given the land to his sons on condition that they pay $300 to each of his daughters within one year after his decease. To entitle them to the land, they are bound literally to perform the condition on which it was given and pay the money by the time prescribed. Having failed to do this, they have no right to the land under the devise. It reverts to the heirs of the devisor. The plaintiffs had a right to enter and are entitled to recover." (p. 199.)

When one accepts under a will, he is bound by its conditions. He cannot take the benefits under a will and defeat the conditions. The will provided for acceptance of the farm upon the terms stated. Otherwise the property was to be sold and divided among the children. Wm. Nixon attempted to accept the property but did not comply with the conditions, in that he failed to make the payments provided for in two years. (See *Bird v. Hawkins*, 58 N. J. Eq. 229.) The property therefore reverted to the heirs as the testatrix provided.

The judgment is reversed and the cause remanded for further proceedings.