No. 30,730.

JERRY VOTAPKA, *Appellant*, v. FRANK VOTAPKA et al., *Appellees.*

(14 P. 2d 732.)

Opinion filed October 8, 1932.

*J. P. Noble, J. M. Bremer,* both of Oberlin, and *W. H. Clark,* of Hoxie, for the appellant.

*J. F. Peters,* of Oberlin, *T. D. Relihan* and *A. W. Relihan,* both of Smith Center, for the appellees.

The opinion of the court was delivered by

SLOAN, J.: This was an action in partition involving the construction of a will.

Charles Votapka, Sr., a widower, died testate on December 24, 1929, and left surviving him four children, the appellant, Jerry Votapka, the appellee, Frank Votapka, and Charles Votapka, Jr., and Jane Haley. The children were all of age and married at the time of the death of the testator. The testator died seized of about 560 acres of land in Decatur county, which is the subject of this action. On February 13, 1930, the children met at the Farmers State Bank in Jennings. The deposit box of the testator was opened, the will taken therefrom and read in the presence of the children. To save the cost of probating the will it was orally agreed among them that deeds would be executed to Frank Votapka for the land; that he would in turn pay all the debts of the estate, including the erection of a monument at the grave of the testator, and would execute notes to each of the beneficiaries named in the will for the amounts stated in the will. This agreement was performed by all of the parties except the appellant, who was dissatisfied with the will. The matter appears to have been carried on for some time

with the hope of a settlement, which was not accomplished. This suit in partition was filed by the appellant May 23, 1931, asking that the land be partitioned according to the laws of descent and distribution. After the filing of the suit the appellees presented the will to the probate court of Decatur county for probate, and it was regularly admitted to probate on August 14, 1931. The appellees, in answer to the petition, set up the will and the order admitting it to probate and also the agreement entered into by the parties. The will was properly executed and admitted to probate. It provided that the just debts and funeral expenses of the testator should be paid as soon after his death as convenient, and contained the following bequests, making a complete disposition of the property of the deceased:

"*Second:* I bequeath to my son, Frank Votapka, all my property, real, personal or mixed of which I die seized, for the following consideration and payment from my estate to my heirs as follows:

"My son, Frank Votapka, is to pay within one year after my decease to my son, Jerry Votapka, $3,000 (three thousand dollars).

"My son, Frank Votapka, is to pay within one year after my decease to my son, Charles Votapka, Jr., $3,000 (three thousand dollars).

"My son, Frank Votapka, is to pay within one year after my decease to my daughter, Jane Haley, $2,000 (two thousand dollars), and to cancel without charges of any nature all indebtedness of my daughter, Jane Haley, of which may appear in my estate, in the way of notes, mortgages, accounts, judgments, etc.

"My son, Frank Votapka, is to place on time deposit in some guaranteed bank to the credit of my granddaughter, Blanche Prachejl, $250 (two hundred fifty dollars), the said bank to deliver said amount with interest to my granddaughter when she becomes eighteen years of age.

"My son, Frank Votapka, is to pay within one year after my decease to my sister, Bessie Votapka, $150 (one hundred fifty dollars).

"My son, Frank Votapka, is to pay within one year after my decease to my sister, Vince Grimm, $100 (one hundred dollars)."

The appellant filed a supplemental petition in which he alleged that the appellee, Frank Votapka, failed to make the payments provided for in the will within the time stated therein. The trial court concluded that the bequest of $3,000 to the appellant was a lien and charge upon the real estate of the testator, and rendered judgment accordingly. This judgment is properly here for review.

The appellant contends that the payment of the legacy to the appellant within the time specified in the will was a condition precedent to the vesting of the title; that the failure to make such payment within the time invalidated the will, and consequently the

real estate would descend according to the laws of descent and distribution. No question is raised as to the validity of the will or the regularity of its admission to probate.

The principal question in the case is the determination of the intent of the testator in making the will. This intent must be ascertained from the language of the will and the circumstances under which the will was made. (*Johnson v. White*, 76 Kan. 159, 90 Pac. 810.) A will will be construed in such a manner as to give effect to every part of the will consistent with the general purpose expressed therein by the testator. (*Singer v. Taylor*, 90 Kan. 285, 133 Pac. 841; *Regnier v. Regnier*, 122 Kan. 59, 251 Pac. 392.) Where the intention of the testator is expressed clearly in the instrument it will be carried out, if valid and lawful.

The law of this state favors the vesting of estates, and instruments transferring an interest in real estate, whether will or deed, will be construed as creating a vested estate, unless a different intent is expressed or clearly implied from the terms of the instrument itself. (R. S. 67-202 and 22-258; *Fielding v. Alkire*, 124 Kan. 592, 261 Pac. 597.) The tendency is to hold that the estate vests at the death of the testator rather than enforce a forfeiture, and where the will directs the payment of a sum of money it will be construed as a charge only, unless the intention of the testator clearly appears that the devisee shall lose the property if he fails to pay the sum of money as directed. The courts have, wherever possible, construed a provision for the payment of a legacy or a sum of money as a charge rather than a condition precedent in order that the estate may vest in the devisee. (62 A. L. R. 585, and note.)

The testator was the owner of a large tract of land. He had four children. It is clear from the language of the will that it was his purpose to dispose of his entire estate by vesting the title in a son, Frank Votapka, and require him, within the period of one year, to make certain payments to the other children. Was it his intention that in the event Frank failed to make the payments within the time specified the bequest should fail and the land descend under the statute?

It is conceded that the payments were not made within the time specified in the will, and appellant contends that the case of *Crowley v. Nixon*, 127 Kan. 178, 272 Pac. 104, is authority for holding that the will created a condition, and until compliance with the con-

dition the estate did not vest. In the Nixon will provision is made for the acceptance of the conditions contained in the will, and it is provided that in the event the devisee fails to accept the conditions the executor shall sell the property and make distribution of the proceeds. This was held to be a condition precedent, and upon the failure to make the payment the land reverted to the heirs according to the provisions of the will. It will be noted that there is a clear distinction between the Nixon will and the will under consideration. The testator makes an absolute bequest of the property to the appellee and then provides for the payment of $3,000 to the appellant within one year after the death of the testator. No provision is made for the acceptance or rejection of the devise and nothing is said about the disposition of the property in the event the appellee fails to accept under the will. There is the absence of any suggestion that the testator contemplated the possibility of the failure of the devise. This indicates a clear intent on the part of the testator to vest the title and make the legacy a charge against the devise.

We hold that the testator made an absolute bequest of all his property to the appellee, Frank Votapka, subject nevertheless to the payment of the several legacies which the testator intended should be a charge against the real estate. This gives effect to every portion of the will, and we are convinced that it was the intent of the testator.

The judgment of the district court is affirmed.