No. 39,013

In the Matter of the Estate of George E. Johnson, Deceased. ANNA PINKERTON, *Appellant,* v. MAGGIE JOHNSON (*Cross-appellant*), and MARION C. JOHNSON and ALVIN M. JOHNSON, as Executors and Trustees of the Estate of George E. Johnson, Deceased, et al., *Appellees.*

(259 P. 2d 176)

Opinion filed July 6, 1953.

*Charles C. Calkin,* of Kingman, argued the cause, and *Archie T. MacDonald* and *Russ B. Anderson,* both of McPherson, were with him on the briefs for the appellant.

*George R. Lehmberg,* of McPherson, argued the cause, and *J. R. Rhoades,* of McPherson, was with him on the briefs for the cross appellant, Maggie A. Johnson.

*James A. Cassler,* of McPherson, argued the cause, and *Paul Lackie* and *Charles D. Johnson,* both of McPherson, were with him on the briefs for the executors and trustees.

*J. G. Somers,* of Newton, argued the cause, and *George A. Robb,* of Newton, was with him on the briefs for Lulu B. Specht and twenty others, and for Roger Lovett, guardian *ad litem.*

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to construe a will. On March 28, 1925, George E. Johnson, a resident of Canton, in McPherson County, Kansas, duly executed his last will and testament. His wife

had predeceased him. He was the father of ten children, one of whom had died, leaving six children. The first three paragraphs pertained to the payment of his debts, including expenses of last illness and funeral, provided for the erection of a monument in memory of his wife and himself, and disposed of his personal property. The fourth paragraph reads:

"I give, devise and bequeath unto my grandchildren, Beulah J. Russell, Beatrice Waln, Lila Waln, Leonard Waln, Marietta Waln, and Irene Waln, share and share alike, they being the children of my deceased daughter, Clara J. Waln, and if any of these my grandchildren be dead, dying without issue before my death, his or her share as the case may be, shall go to and vest in his or her surviving brothers and sisters, the following real estate in fee simple to-wit:" (describing certain real property.)

The fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth paragraphs are identical in wording except that each contained the name of a different child and a different description of real estate. The thirteenth paragraph, being the one which gives rise to this lawsuit, reads:

"Subject always to the payment of taxes, assessments and liens, and to Paragraph 14 of this Will, I give, devise and bequeath a life estate to my son, Dillard C. Johnson in and to the following described real estate, situated in the county of McPherson, State of Kansas, to-wit: The northeast quarter (¼) of the northeast quarter (¼) of Section fourteen (14) Township Nineteen (19) Range One (1) West, with all appurtenances thereunto belonging or in any wise appertaining to have, hold and possess the same during his natural life, and at his death to descend to and become the property of his living issue in fee simple, and should he leave no living issue, then the title thereto shall revert to and become the property of my trustees, to be disposed of as herein set forth in Clause 14 of my Will."

The fourteenth paragraph, referred to in each of the paragraphs from the fifth to the thirteenth, both inclusive, reads:

"I do hereby nominate and appoint my two sons, Marion C. Johnson, and Alvin M. Johnson, as co-executors of this my last Will and Testament, and direct that they be not required to give bond for the execution of the same, and I do hereby direct and empower my said co-executors herein named, and their successors, with full authority to see that the terms and conditions of my Will are fully and completely carried out, by my children, that I do hereby direct that my said children shall pay the taxes and assessments and liens against the real estate to which I have given them a life estate, and if any of them should fail to pay said taxes, assessments or liens against the respective pieces of property in which they have a life interest then under said conditions I do hereby give unto my said co-executors and their successors the full right, and authority to take under their care and custody such piece of property of such child which may become delinquent, and to hold, manage and control said piece of property, and to pay the taxes, assessments and liens against said

piece of property, and when they have completed the payment of the same, together with the costs thereof, that then such piece of property be turned back to such child which had become delinquent in the payment of such taxes, and I do hereby further direct and empower my co-executors with full authority to sell, convey, transfer and·deed to any purchaser any piece of property devised in this Will of any child that shall die without issue, and that the proceeds from the said sale after expenses therefrom have been paid, shall be divided among the heirs of my body, per stirpes, and I do further direct that in any case where my co-executors or their successors, are authorized to make conveyance of any land set forth in this Will, that they be empowered to make such transfer, and.to execute and deliver deed or other conveyance of said property without order of the Court, and said deeds or other conveyance thus made to have the same binding force and effect as if I myself had made, executed and delivered said deeds or other conveyance, and I do hereby further direct the court that in case of the death or disability of my co-executors that the said court appoint some person to carry out the terms of this my Last Will and Testament, and I do further direct that the expense and enumeration due to said co-executors shall be assessed against the piece of property which may fall into their hands for sale or distribution."

George E. Johnson died testate on November 23, 1931. His will, above referred to, was duly admitted to probate in the probate court of McPherson county, Kansas, and the estate was duly administered upon and closed. The probate court duly named Marion C. Johnson and Alvin M. Johnson as trustees under the last will and testament of George E. Johnson. They duly qualified as such trustees and have continued to act in that capacity. Elsie V. Hungerford, one of the children of the testator, named in paragraph twelve of the will as a life tenant of certain property, died intestate September 10, 1942, survived by her husband, Walter L. Hungerford, and three children—a daughter, Elizabeth Bronaugh, and two sons, Merle K. and DeWitt J. Hungerford. Dillard C. Johnson, named in paragraph thirteen of the will, died February 28, 1951, survived by his wife, Maggie A. Johnson, but he was not survived by any child. Soon after his death Anna Pinkerton, a child of the testator named in paragraph eleven of the will, made a demand upon the trustees to proceed under the fourteenth paragraph of the will to sell the real estate described in paragraph thirteen of the will and to make distribution of the proceeds. They declined to do so and she brought this action in the probate court, which was later transferred to the district court, where it was tried. Maggie A. Johnson filed an answer in which she alleged that by the terms of the will an estate tail was created in Dillard C. Johnson which was broken on February 16, 1933, by a deed from Dillard C. Johnson and

Maggie A. Johnson,· husband and wife, to Elsie V. Hungerford, who reconveyed the property to Maggie A. Johnson, by reason of which she alleged she is the owner in fee of the property described in paragraph thirteen of the will, and in the alternative alleged that the court should direct that the real property be sold and converted into cash by paragraph fourteen of the will, and that she be decreed to be the owner of the proceeds derived therefrom the same as her husband, Dillard C. Johnson, would have been entitled to had he been living, by reason of the fact that she is the sole and only heir at law of Dillard C. Johnson, and that a proper and just construction of the will of George E. Johnson be made by the court.

The trustees filed a motion asking the court for an order that all the parties who had any interest in the matter be brought into court. That motion was sustained, with the result that all the persons named in paragraphs four to thirteen, inclusive, and their respective spouses and children, if any, were made parties to the action and were represented by counsel.

The only real question in this case is the construction of the will, which we now take up. The cardinal rule for the construction of a will to which all others must yield is to ascertain the intention and purposes of the testator to the language used in his will, and to follow it unless there is some legal reason for not doing so. (57 Am. Jur. 716, Wills, § 1121; 69 C. J. 52, Wills, § 1118. Also the many cases cited in Hatcher's Kansas Digest, Revised Edition, Wills, § 101, and West's Kansas Digest, Wills, § 439.) Examining the will before us we have no difficulty in determining the purposes of the testator and the disposition of his property.

At the time the testator executed the will his wife had predeceased him. He was the father of ten children—Clara J. Waln, Alvin M. Johnson, William H. Johnson, Alice F. Johnson, Marion C. Johnson, Lula B. Johnson (later, Lula B. Specht), Mary Nellie Johnson, Anna Pinkerton, Elsie V. Hungerford and Dillard C. Johnson. One of the children, Clara J. Waln, had died prior to the execution of the will, leaving six children. To these children (naming them) he devised certain described real estate "in fee simple." With respect to each of the other nine children, by separate paragraphs in his will, he devised certain real estate to each child "to have, hold and possess the same during his natural life, and at his [or her] death to descend to and become the property of his living issue in fee simple," with the further provision, "and should he

[or she] leave no living issue, then the title thereto shall revert to and become the property of my trustees, to be disposed of as herein set forth in Clause 14 of my Will."

There is an argument on behalf of Maggie A. Johnson that this language last quoted created an estate tail which could be cut off by a deed. The trial court held against that view, and we concur in that holding. The testator definitely fixed the class of title which should go to the children of the life tenant, if any survive him or her, by stating it to be in fee simple. There is no reason to construe those words to mean in fee tail. We notice, also, by this provision of the will that the persons to whom this fee simple title should go at the death of the life tenant is determined as of the time of the death of the life tenant. We note, also, that on the death of the life tenant the property should go to the "living issue" of the life tenant. This does not include the surviving wife or husband of the life tenant. Neither is in the class of persons designated as "living issue" of the life tenant. The trial court held that the law gives to Maggie A. Johnson one-tenth of the proceeds of the sale of the real property in which her husband, Dillard C. Johnson, had a life estate, as his only heir at law. No law has been cited by the court or counsel to sustain that view. It is erroneous. An extensive argument is made in the briefs of counsel as to where the fee title of the property was vested during the time Dillard C. Johnson had the use of the property as a life tenant. We don't know why we should worry about that greatly. The testator did not do so, except that the trustees were given authority to see to it that the property was not encumbered by taxes or other liens, and if it became so to take possession of it until they were paid. Perhaps it can be said that the trustees had the fee title for those purposes, at least. In paragraph fourteen the testator gave the executors this additional authority and duty in this language:

"I do hereby further direct and empower my co-executors with full authority to sell, convey, transfer and deed to any purchaser any piece of property devised in this Will of any child that shall die without issue, and that the proceeds from the said sale after expenses therefrom have been paid, shall be divided among the heirs of my body, *per stirpes*, . . ."

The language placed the fee title in the co-executors in the event the life tenant died without issue. It is here noted that the testator provided "that the proceeds from the said sale . . . shall be divided among the heirs of my body, *per stirpes*." Maggie A. John-

son does not come within that class. She was an heir of her husband, but he had nothing in this land that he could give her after his death or that she could inherit from him after his death. It is clear, also, that since the land to which Dillard C. Johnson was given a life estate was to be sold and the proceeds divided among the heirs of the body of the testator, per stirpes, there are only nine units in which it may be divided. The judgment of the trial court should have been that the co-executors, later named as trustees, should sell the real property described in the thirteenth paragraph of the will and the net proceeds thereof should be divided in nine parts. One part should be delivered to the six children of Clara J. Waln, named in the fourth paragraph of the will, collectively or one-sixth of one-ninth to each. One part should be delivered to Alvin M. Johnson, one part to Marion C. Johnson, one part to Lula B. Johnson (now Lula B. Specht), one part to Mary Nellie Johnson, one part to Anna Pinkerton, one part to William H. Johnson, one part to Alice F. Johnson and one part to the three children of Elsie V. Hungerford —Elizabeth Bronaugh, Merle K. Hungerford, and DeWitt J. Hungerford, collectively, or one-third of one-ninth to each. No part of it should be paid to Walter L. Hungerford, the surviving husband of Elsie V. Hungerford, since he is not a person within the class of the heirs of the body of the testator.

Insofar as the judgment of the trial court is to the contrary, it is reversed.

Capable, industrious counsel have furnished briefs covering the law of future interests, estates tail and allied subjects, all of which we have examined with care. We find nothing in the authorities cited which would require a different conclusion than that which we have reached. We see no purpose in making extended discussion of the subject.

The result is the judgment of the trial court should be reversed and judgment rendered in harmony with this opinion, which judgment should be certified to the probate court of McPherson county, with directions that the co-executors, or trustees, proceed to sell the real property described in paragraph thirteen of the will and disburse the net proceeds in harmony with this opinion.

It is so ordered.