No. 39,184

Rex A. Lafferty, Executor of the Will of J. W. Sheets and Medora Sheets, both deceased, and Named Trustee Therein, *Appellant,* v. Joseph Edwin Sheets, Lala Baldwin Sheets, Joseph Edwin Sheets, Jr., and Dorothy Drew, *Appellees.*

(267 P. 2d 962)

Opinion filed March 6, 1954.

T. D. Hampson, of Fredonia, argued the cause, and Rex A. Lafferty, pro se, of Fredonia, was with him on the brief for the appellant.

John F. Eberhardt, of Wichita, argued the cause, and Charles E. Henshall, of Chanute, George J. Benson, of El Dorado, and Samuel E. Bartlett, of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether the district court erred in terminating a testamentary trust.

Under date of March 11, 1950, J. W. Sheets and Medora Sheets executed a joint last will and testament. Under its terms each gave the other a life estate with power of disposal and further provided:

### II.

"At the passing of the survivor of us, what property remains. whether real, personal, or mixed shall be held in trust and our son, Joseph Edwin Sheets, shall receive the income therefrom annually during the lifetime of his present wife, Lala Baldwin Sheets, and said trust shall continue during the lifetime of our son's wife, Lala Baldwin Sheets. At the demise of our son's said wife, the trustee shall immediately transfer by whatever instrument is necessary the corpus of the estate to our son, Joseph Edwin Sheets, to be his absolutely in both interest and enjoyment as of that date.

### III.

"If our son, Joseph Edwin Sheets, predeceases the survivor of us, then the property he would have inherited had he lived shall go to his living child or children (he now has two, Joseph Edwin Sheets and Doratha Drew) with the same restriction as to the vesting of the corpus of the estate as is set out in paragraph two above; that is to say, the living child or children of our son shall receive the income of our estate from our trustee until the passing of Lala Baldwin Sheets and then the corpus is to vest absolutely in interest and enjoyment.

### IV.

"In explaining paragraphs two and three above, we wish to make as clearly as possible that no part of our estate other than the income therefrom shall vest in anybody other than our trustee during the lifetime of Lala Baldwin Sheets.

### V.

"We hereby nominate and appoint Rex A. Lafferty, Attorney, of Fredonia, Kansas, to be executor of this our mutual last Will and Testament.

### VI.

"We hereby nominate and appoint Rex A. Lafferty, Attorney, of Fredonia, Kansas, to be testamentary trustee of this our last Will and Testament and of the property remaining at the death of the survivor of us, and we direct that he shall have full power to cash any bonds that have matured and reinvest the proceeds thereof in obligations of the United States government. That he shall have authority to, from the income of the above trust before any distribution is made, pay the taxes and upkeep and in all ways manage whatever real estate is part of the estate."

Paragraph VII provided for forfeiture of the share of any beneficiary contesting the will and is presently immaterial.

J. W. Sheets died September 13, 1950, Medora Sheets died November 27, 1950, and on December 9, 1950, the will was admitted to probate in the probate court and Rex A. Lafferty was appointed and qualified as executor. As such executor Lafferty administered the estate and filed his petition for final settlement, and prayed for an order distributing and assigning the residue of the estate. Thereafter Joseph Edwin Sheets, the son, Lala Baldwin Sheets, his wife, and Joseph Edwin Sheets, Jr., and Dorothy Drew, their children, filed written defenses to the petition for final settlement, and among other matters alleged in substance that the estates of the testators were devised to Joseph Edwin Sheets during the lifetime of his wife with remainder to him absolutely on her death which was and is a vested remainder. After directing attention to the powers conferred on Lafferty by the will, it is alleged that if it is claimed a trust was created by the will, the trust is barren and passive as to all of the assets and no duties are conferred upon the trustee; that the trust is not a spendthrift trust; that Joseph Edwin Sheets is the sole beneficiary and fully and definitely ascertained and the court has full power and authority to determine that the alleged trust is of no effect for three reasons: (1) that Joseph Edwin Sheets became the beneficial and vested owner of all the assets of the estates and the alleged purpose of any trust cannot be accomplished

or carried out; (2) that no duties are to be performed by the trustee except to reinvest bonds which had matured and to pay taxes upon the real estate; and (3) that the property so belonging to Joseph Edwin Sheets is not otherwise restricted as to ownership and in case of his death passes by intestate succession or testamentary disposition, as he shall determine. It was further alleged that at final settlement the court should construe the will and adjudge Joseph Edwin Sheets to be the sole beneficiary and entitled to all of the assets of the estate and make an assignment thereof to him. They further asked that the matter be transferred to the district court and upon hearing by that court it be adjudged that Joseph Edwin Sheets was sole beneficiary under the will and that all assets be assigned to him. Lafferty, as executor, filed an answer to the objections consisting of a general denial modified by certain admissions, alleging that Joseph Edwin Sheets was occupying the real estate under agreement with the executor and in substance was estopped to deny the executor's authority as executor and trustee under the will. Other allegations need no present notice.

A hearing was had in the district court as a result of which that court made findings of fact set out in the journal entry of judgment covering matters heretofore set forth, including a stipulated fact that Lala Baldwin Sheets was born January 27, 1889; that Joseph Edwin Sheets was 65 or 66 years old at the time of the death of his mother, and that by reason of the fact Joseph Edwin Sheets survived his parents, paragraph III of the will became inapplicable, and it adjudged that Joseph Edwin Sheets was the only person beneficially interested in the trust estate and was the owner of the equitable title to said trust estate; that no principle of estoppel, waiver or election precluded him from asserting his right to have the trust, if any, terminated, and having made demand for such termination was entitled to have the corpus of the estate delivered to him at the close of the administration free and clear of any claim of the named testamentary trustee, Lafferty, and that upon closing of the estate the executor deliver the balance of the estate to him free and clear of any claims against the corpus by virtue of the trust recited in the last will.

The executor filed a motion for a new trial, but before it was heard, he filed notice of appeal from the judgment. Thereafter the motion for a new trial was denied and an amended motion of appeal, covering that ruling, was filed. The specification of errors covers the appellant's contentions later discussed.

While the only question before us is whether the trial court erred in terminating the trust estate, the briefs filed cover in great detail many questions pertaining to the construction of wills and matters collateral thereto and our attention is directed to many of our decisions, decisions from other courts, textbooks and law review articles. Any temptation to discuss all of those questions and authorities is dissipated when we consider the factual situation, the legal issues before us and the time available and the space that would be devoted to such a discussion. Our endeavor is to discuss only those matters necessary to a disposition of the appeal. In such disposition we are first called upon to examine the will and, if a trust was created by the will, the extent and character of the trust, and when it is subject to termination.

Rules applicable to the examination, interpretation and construction of wills have been repeatedly stated in our decisions. It has been said that where there is no ambiguity in the language used there is no necessity for construction and in that event the will is to be enforced in accordance with its provisions; that the testator's intention is to be gathered from the will and must prevail if consistent with rules of law; that effect is to be given to every part of a will and to effectuate rather than defeat the testator's intention, and that the testator's intention must prevail unless contrary to settled rules of law or in violation of law, or some legal reason exists for not doing so. Some or all of the above rules are set forth in *National Life Ins. Co. v. Watson,* 141 Kan. 903, 44 P. 2d 269; *Selzer v. Selzer,* 146 Kan. 273, 69 P. 2d 708; *Johnson v. Muller,* 149 Kan. 128, 86 P. 2d 569; *Zabel v. Stewart,* 153 Kan. 272, 109 P. 2d 177; *In re Estate of Schnack,* 155 Kan. 861, 130 P. 2d 591; *In re Estate of Ellertson,* 157 Kan. 492, 142 P. 2d 724; *In re Estate of Rinker,* 158 Kan. 406, 147 P. 2d 740; *Calkin v. Wallace,* 160 Kan. 760, 165 P. 2d 224; and *In re Estate of Johnson,* 175 Kan. 82, 259 P. 2d 176, and cases cited therein. Illustrations of instances wherein intention was not allowed to prevail are *Beverlin v. First National Bank,* 151 Kan. 307, 98 P. 2d 200, where the rule against perpetuities was violated; *In re Estate of Weeks,* 154 Kan. 103, 114 P. 2d 857, where a bequest was made to a town in Switzerland in contravention of G. S. 1949, 59-602, and *In re Estate of Lowe,* 155 Kan. 679, 127 P. 2d 512, where an ineligible bank was named as executor in contravention of G. S. 1949, 59-1701.

There can be no doubt under our decisions that it was within the power of the testators, so long as they did not violate the rule

against perpetuities or some other rule of law of equal potency, to postpone the possession of the corpus of their estate by their beneficiaries even though the title thereto and the right to future possession was vested. Although the following cases may be distinguished on the facts, the rule above stated was recognized in *Grossenbacher v. Spring,* 108 Kan. 397, 195 Pac. 884; *Purl v. Purl,* 108 Kan. 673, 197 Pac. 185; and *Wright v. Jenks,* 124 Kan. 604, 261 Pac. 840.

While there is no particular dispute thereon, for the reason that the words "trust" and "testamentary trustee" are used in the will, and that the matter in issue is the termination of a trust, we adopt for our purposes the definition of a trust as being a fiduciary relationship with respect to property subjecting the person by whom the property is held to equitable duties to deal with the property for the benefit of another person, and arising as the result of an intention to create the relationship. (See Restatement, Trusts, Vol. 1, Sec. 2; Bartlett's Kansas Probate Law and Practice [Rev. Ed.], Vol. 2, pp. 49, 53, Sec. 551 and 553; *In re Estate of Dieter,* 172 Kan. 359, 366, 239 P. 2d 954.)

Turning now to the will, an examination of it discloses there is no ambiguity in its language or terms and as a matter of fact no claim to the contrary is made. It appears from facts previously stated that Joseph Edwin Sheets, son of the testators, survived both of his parents and that paragraph III of the will is of no effect except as it may be considered in determining the intention of the testators.

The opening paragraph or caption of the will is a formal declaration by the testators of their intention to make a will providing for the disposition of their property after their deaths and the second paragraph, numbered I, is a bequest and devise by one testator to the other. The remainder of the will is quoted above and pertains to the disposition of the property remaining after the death of the survivor. In determining intent of the testators from the whole content of the will, we think it clear the testators intended to create a trust and that they appointed the appellant Lafferty to be the testamentary trustee of the will and "of the property remaining at the death of the survivor of us"; that such property was to be held in trust and Joseph Edwin Sheets was to receive the income from that property during the lifetime of his wife, and at her death the trustee was to immediately transfer the corpus of the trust estate to Joseph Edwin Sheets "to be his absolutely in both interest and

enjoyment as of that date." In explaining, the testators further stated they wished to make as clear as possible that no part of the estate other than income should vest in anybody other than "our trustee" during the lifetime of their son's wife. If there could be doubt otherwise the last language indicates beyond doubt that the legal title to "what property remains" was in the trustee, and that there was no intent of the testators to give to Joseph Edwin Sheets anything but the income therefrom so long as his wife should live.

It is not subject to debate that the testators' will did not offend any law of this state, statutory or otherwise, or that it was contrary to any settled law of this state, in their postponing the time when Joseph Edwin Sheets should come into full title and enjoyment of the property remaining at the death of his parents.

Included in the arguments of the appellees is some contention that the legal title to the property was not bequeathed and devised to the trustee; that insofar as the personal property is concerned the only duty imposed on him was to cash bonds and reinvest the proceeds, and, in effect, that when that has been done the trust is a passive or dry trust. Even though there be no express bequest and devise to a person named as trustee, where it clearly appears from the nature of the duties to be performed that the taking of an estate is necessary, the intention will be presumed and an estate in the trustee will vest by implication. See *Johnson v. Muller*, supra. We think the only conclusion to be drawn from the entire will is that the testators bequeathed and devised the entire estate of the survivor to the trustee, and that while they did in paragraph VI specifically provide for the cashing of bonds and reinvestment of proceeds, it is implicit from the directions with reference to using income to pay taxes on the real estate, and in all ways to manage the real estate, and to pay the income to Joseph Edwin Sheets and at the death of his wife to transfer the corpus of the trust to him, that the intention was that the trustee have and take all of the property and from the income arising therefrom perform the duties enjoined upon him, and that the trust may not be designated as a dry or passive trust. See *Grossenbacher v. Spring*, supra.

Appellees also direct attention to the fact the will made no provision for a gift over if Joseph Edwin Sheets should die before his wife, and contend that as there was no gift over the parents died intestate as to that portion of their estate we shall here call the remainder, and as he is their sole heir, he is entitled to immediate

possession for the reason he is the equitable owner of the income and the absolute owner of the remainder. While he does have a right to the income during the lifetime of his wife, if he should predecease her the trust would not terminate but would continue until she died. Let it be conceded that while the will speaks as of the date of death of the testators and as here applied to the date of the death of the surviving parent, and that Joseph Edwin Sheets took the above mentioned remainder by inheritance and not by the will, and that his right to the remainder is vested, yet it is abundantly clear from the provisions of the will, and especially the fourth paragraph thereof, that he is to have nothing from the estate except income during the lifetime of his wife. The testators provided that his enjoyment of the estate was limited to income for a stated period, and until its expiration he was not to have possession of the corpus of the estate.

In the briefs is some discussion concerning the right of Joseph Edwin Sheets to alienate his interest in the estate, and as to what would occur if he should predecease his wife, but we shall not pursue either proposition. We have here no case of attempted alienation, and his wife still lives.

Although stated by them at length, appellees contend the genesis of the trial court's judgment in their favor was its acceptance of their contention that the sole person beneficially interested in a trust may compel distribution of the trust estate notwithstanding the testator's intention and clear testamentary mandate that the corpus be held until some subsequent date or the happening of some event, and that the appeal thus presents for decision whether this court will follow the rule of *Claflin v. Claflin*, 149 Mass. 19, 20 N. E. 454, where a testator by his will gave his son the residue of his estate payable $10,000 when he arrived at the age of twenty-one years, $10,000 when he became twenty-five years of age, and the balance when he became thirty years of age, and where after the son became twenty-one he instituted an action to obtain the whole fund, and it was held that valid restrictions were imposed by the terms of the will and should be carried out, or whether decisions that the sole person beneficially interested was entitled to have the trust terminated should be followed. Directing attention to the old maxim that an owner of property has the right to do with it as he wishes, and contending, inferentially at least, that adherence thereto is the basis of the Claflin decision, appellees make an extended argument that the rule of immediate termination should be

followed, in support of which they quote extensively from text-books, law review articles and decisions wherein the rule of the Claflin case is criticized or not followed. They do concede that possibly the rule of the Claflin case is adhered to in a numerical majority of American decisions, but contend that the trend is toward repudiation of it, and that this court, which has never committed itself to the Claflin rule, is free to accept the contrary rule. They do contend that four of our decisions appear to support the anti-Claflin view. They are *In re Estate of Aye*, 155 Kan. 272, 124 P. 2d 482; *Beverlin v. First National Bank*, 151 Kan. 307, 98 P. 2d 200; *Daughters of American Revolution v. Washburn College*, 160 Kan. 583, 164 P. 2d 128; and *Diller v. Kilgore*, 135 Kan. 200, 9 P. 2d 643. An analysis of these cases does not support the contention. In the Aye case, among other things, the testator had provided for a trust of income during the minority of his grandson Barker, the trust to continue until Barker arrived at the age of thirty years. He died when about twenty-six years old and the issue was whether the accumulated but unpaid fund went to his administrator or to the trustee personally, the issue being resolved in favor of the administrator. In the Beverlin case the issue was whether a will violated the rule against perpetuities, and it was held it did. In the Washburn College case the creator of a charitable trust sought to revoke it and recover the corpus and was denied relief. The three last mentioned cases do not treat the question of termination of a trust estate. And the mere fact that in the Washburn College case we held that *Eakle v. Ingram*, 142 Cal. 15, 75 Pac. 566, where the rule contended for by appellees was followed, was not in point, is not to be converted into an approval of that case or the rule of it. In the Kilgore case, reference being made to the opinion for all of the facts, one of several beneficiaries of a trust who also participated in its creation sought termination of it, over the opposition of other beneficiaries. This court said in part:

"We have seen that a valid and effective trust had been created, no fraud is shown or even claimed, the trustee is carrying out the terms of the trust, and not all the beneficiaries are willing that the trust should be terminated." (l. c. 205.)

Appellees seem to stress the last clause as being a recognition that if all of the beneficiaries had been willing the trust would have been terminated. We interpret it merely as a factual statement as to why the plaintiff should not prevail in that particular action.

As we understand the over-all contention of the appellant, it is

that the testators in clear and unambiguous language provided that their property remaining at the death of the survivor should be placed in trust for disposition according to the will; that the disposition made offended no rule of law or statute of the state of Kansas; and that the order of the lower court directing the executor of the estate to pay the balance on hand directly to the beneficiary under the trust and not to the named trustee, for disposition according to the terms of the trust, violated the intent of the testators and was not justified.

In Bartlett's Kansas Probate Law and Practice [Rev. Ed], Vol. 1, page 436, Sec. 371, may be found a discussion of the nature of testamentary power and statutory restrictions thereon and it is there said:

"It may be stated as a general rule that any competent person may by will dispose of his property in any manner he sees fit to any person or persons whomsoever, so long as the provisions of his will are lawful in their purpose, do not contravene the prohibitions of any statute, and do not violate any positive rule of law. This plenary power in a testator to dispose of his property as he may see fit includes the right to make an unnatural or unreasonable disposition of it. . . ."

See the cases cited in support of the text. Under them the testators were at liberty to provide for a trust, its terms and administration and for its termination.

In Restatement, Trusts, Vol. 2, pg. 1021, § 337, the rule as to consent of beneficiaries to terminate a trust is stated thus:

"(1) Except as stated in Subsection (2), if all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust.

"(2) If the continuance of the trust is necessary to carry out a material purpose of the trust, the beneficiaries cannot compel its termination."

And in commenting thereon it is said:

"j. Postponement of enjoyment of interest of sole beneficiary. If by the terms of the trust it is provided that the trust shall not terminate until a certain time, or until the happening of a certain event, the court will not ordinarily decree the termination of the trust until the specified time has arrived or the specified event has occurred, although the sole beneficiary of the trust is under no incapacity and wishes to terminate the trust. As long as the purpose of the settlor has not been accomplished and is still possible of accomplishment, the court will not defeat his purpose although the only person who is beneficially interested in the trust desires to terminate it.

"Thus, if by the terms of the trust it is provided that the income shall be paid to the beneficiary until he reaches a certain age and that the principal shall be paid to him when he reaches that age, he cannot insist upon a transfer of

the principal to him before reaching that age, although he is the sole beneficiary and is under no incapacity."

And see also comment *k*, page 1028 treating of alienation and that a provision postponing termination of a trust is effective not only against the original beneficiary but against anyone to whom he transfers his interest.

The record is barren as to any particular reason the testators may have had for making the provisions they did in their will and we need not speculate thereon, nor devote any space to discussing whether the provision they made was harsh as respects their son. It is clear they stated and restated that the trust created by them was to continue until the death of the son's wife; that such provision was material to the manner in which they disposed of their property and it ought not to be circumvented by application of the rule for which appellees contend.

In view of what has been said we conclude the trial court erred in its judgment; that that judgment should be reversed and vacated and the cause remanded to the trial court with instructions to render judgment that the property remaining on hand on final settlement be delivered to the trustee for administration in accordance with the trust provided for in the will, and

It is so ordered.