No. 44,198

W. R. MATHEWS, Administrator (Substituted for Ernest E. Savage, Deceased), and DORIS BLOOMFIELD GOLDSMITH, *Appellants,* v. MAYME B. SAVAGE, JACK SAVAGE and GRACE M. HELT, *Appellees.*

(407 P. 2d 559)

Opinion filed November 6, 1965.

*W. R. Mathews,* of Winfield, argued the cause, and *Lawrence E. Christenson* and *Marion P. Mathews,* both of Winfield, were with him on the briefs for the appellants.

*Harry O. Janicke* and *Robert L. Bishop,* both of Winfield, argued the cause, and *John A. Herlocker,* of Winfield, was with them on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy over the validity of testamentary devises which were to take effect following the expiration of certain life estates.

It should be noted at the outset of this opinion that the appellants have challenged the right of the appellees to be heard in the court below and also their right to be heard on appeal because of alleged procedural errors, delays and acquiescence. We have not ignored the procedural questions raised but, after careful consideration, have reached the conclusion that the best interest of the litigants will be served if we proceed immediately with a consideration of the appeal on the merits.

George W. Savage died on October 17, 1936, leaving a will dated July 10, 1935. The will made provision for the payment of his just debts and funeral expenses; gave all of his personal property to his wife, Mary Jane Savage; gave his wife a life estate in all of his real estate, and provided further:

"4. After the death of my wife, it is my will that the income from all of said real estate, after the payment of taxes and necessary upkeep and expenses of the property from the date of the death of my said wife until the date of the death of my son, Ernest E. Savage, be divided share and share alike between my sons, Ernest E. Savage, and Roy W. Savage, and my daughter, Grace M. Helt. And I hereby appoint my son, Roy W. Savage, as Trustee with authority to collect the rents and profits from said real estate during said time and pay the taxes and other necessary expenses incident to the handling of said property and divide the proceeds among said parties as aforesaid.

"5. After the death of my said son, Ernest E. Savage, it is my will and I hereby give, devise and bequeath all the remainder of my said property to my son, Roy W. Savage, and my daughter, Grace M. Helt, share and share alike, upon their paying to my granddaughter, Doris Bloomfield, the sum of Fifteen Hundred Dollars, ($1500.00), and I hereby give and bequeath to my said granddaughter the said sum to be paid by my son, Roy W. Savage, and my daughter, Grace M. Helt, within a year after the death of my said son Ernest E. Savage, and upon making said payment the full title to my said real estate shall vest in my said son, Roy W. Savage, and my daughter, Grace M. Helt."

The will was admitted to probate on January 9, 1937. The administration was closed March 4, by an order which directed that the appointment of a trustee be held in abeyance during the life tenancy of the widow.

Following the life estate of the widow, the court appointed Roy W. Savage trustee. He filed his reports, gave notice thereof, disbursed the funds and paid expenses on the property out of the income from the property until his death. Thereafter, his widow, Mayme B. Savage, under direction of the court acted as trustee. Following the death of Roy W. Savage his heirs filed their action to determine the descent of Roy's property, which they claimed included a one-half interest in the holdings listed in the will of George W. Savage. Plaintiffs, appellants herein, on the 16th day of February, 1962, filed an action for construction of the will of George W. Savage under the Declaratory Judgment Act. (G. S. 1949, 60-3127.)

The plaintiffs alleged in their petition the insufficiency of paragraph 4 of the will to devise the real estate to the trustee and to carry out the purposes of the alleged trust, and further alleged that paragraph 5 of the will created a condition precedent and failed to vest the title in defendants in violation of the rules against perpetuities. The prayer of the petition requested that paragraphs 4 and 5 of the will be declared void and that the real estate be assigned to the heirs of the testator under the law of descent and distribution.

The trial court found that the language in paragraph 4 of the will was sufficiently specific to constitute a legal device of the real estate to the trustee; that under the language of the will the remainder interests of Roy W. Savage and Grace M. Helt became vested at the time of the death of the testator, and that the devise to Roy and Grace was not void as violating the rule against perpetuities merely because it was conditioned upon the payment of $1,500.00 to Doris, the granddaughter.

Judgment was rendered for defendants and plaintiffs have appealed.

Although immaterial to the determination of the issues before us, it is noted that Ernest E. Savage died on October 5, 1965, and the administrator of his estate, W. R. Mathews, was substituted as one of the appellants.

It would appear that for the purpose of determining this controversy the thirteen points upon which appellants rely for reversal may be reduced to two simple questions:

1. Is the language of paragraph 4 of the will sufficient to create a valid trust?

2. Did the language of paragraph 5 of the will create a vested remainder in Roy W. Savage and Grace M. Helt?

The appellant contends that the language of paragraph 4 of the will did not create a legal devise of the real estate to the trustee but merely created a bailee or agent.

We cannot agree. The language of the will, after designating the beneficiaries of the income from the real estate, definitely appointed "my son, Roy W. Savage, as Trustee" and gave him authority over the rents and profits such as is usually held by a trustee. Under paragraph 5 of the will the trust terminates on the death of Ernest E. Savage.

The appellant calls our attention to the rule announced in 54 Am. Jur., Trusts, § 34, p. 45, which reads:

"It is essential to the creation of an express trust that the settlor presently and unequivocally make a disposition of property by which he divests himself of the full legal and equitable ownership thereof. . . ."

We have no quarrel with the rule as above announced, however, its application is doubtful where the trust is not to take effect until after the death of the settlor.

A fundamental essential of any trust is a separation of the legal estate from the equitable estate and the beneficial enjoyment. The rule that the same person cannot be at the same time sole trustee and sole beneficiary of the same identical interest and that a trust cannot exist where the legal and sole beneficial interests were in the same person was recognized in *Johnson v. Muller*, 149 Kan. 128, 86 P. 2d 569, but at the same time the court held:

"Although there be no express devise to a person named as trustee, if it clearly appears from the nature of the duties to be performed that the taking of an estate is necessary, the intention of the testator will be presumed and an estate in the trustee will vest by implication." (Syl. 4.) (See, also, *In re Estate of Sheets*, 175 Kan. 741, 267 P. 2d 962.)

Arriving at the intention of the testator from a consideration of all portions of the instrument, as we are bound to do (*In re Estate of Roberts*, 190 Kan. 248, 373 P. 2d 165), we think it clear from a reading of the will the testator intended his named trustee or his successor to take and hold the real estate and perform the duties imposed upon the trustee by paragraph 4 of the will until the death of Ernest E. Savage.

The contention of appellee that paragraph 5 of the will did not create a vested remainder presents a more difficult problem.

Rules applicable to the examination, interpretation and construc-

tion of wills have been repeatedly considered and applied in our decisions. This court is committed to the rule of favoring vested rather than contingent remainders and no remainder will be construed to be contingent which may, consistently with the words used and the intention expressed, be deemed vested. Many of our decisions setting forth the above rule may be found in *Bunting v. Speek,* 41 Kan. 424, 21 Pac. 288; *Purl v. Purl,* 108 Kan. 673, 197 Pac. 185; *Votapka v. Votapka,* post; *Buxton v. Noble,* 146 Kan. 671, 73 P. 2d 43; *Johnson v. Muller,* supra; *Zabel v. Stewart,* 153 Kan. 272, 109 P. 2d 177; *In re Estate of Schnack,* 155 Kan. 861, 130 P. 2d 591; *In re Estate of Ellertson,* 157 Kan. 492, 142 P. 2d 724; *In re Estate of Rinker,* 158 Kan. 406, 147 P. 2d 740; *Cramer v. Browne,* 159 Kan. 423, 155 P. 2d 468; *Calkin v. Wallace,* 160 Kan. 760, 165 P. 2d 224; *Epperson v. Bennett,* 161 Kan. 298, 167 P. 2d 606, Anno. 166 A. L. R. 816; *In re Estate of Johnson,* 175 Kan. 82, 259 P. 2d 176; *In re Estate of Sheets,* supra; *In re Estate of Paulson,* 188 Kan. 467, 363 P. 2d 422.

With these rules in mind we will carefully examine the provisions of paragraph 5. There are three somewhat separate provisions contained therein: *First*—Upon the death of Ernest there is a devise of the real estate to Roy and Grace upon their paying a granddaughter $1,500.00; *Second*—a gift to the granddaughter of the $1,500.00 to be paid by Roy and Grace within a year after the death of Ernest, and *Third*—upon making the payment to the granddaughter full title to the real estate was to vest in Roy and Grace.

Had the testator intended to make the devise to Roy and Grace contingent upon their paying to the granddaughter the $1,500.00 nothing was added by the second and third provisions. However, the testator made the additions and by the second provision gave the $1,500.00 to the granddaughter in his own right. It was his to give only if it was made a charge against the estate. It was not his to give if the payment of the $1,500.00 was a condition precedent to the title vesting in Roy and Grace because on their refusal the entire plan would fail.

The language of the third provision is not in harmony with language creating a condition precedent. After payment of the $1,500.00 full title was to vest. That leaves the question: what partial title was already vested? We think the answer is—full title was vested subject to a charge or lien of $1,500.00.

In searching for the testator's intent we are also greatly influenced by the fact that there was no provision for the disposition of the estate on the failure of Roy and Grace to pay the $1,500.00. Had the testator intended the real estate to vest in Roy and Grace only if they paid the $1,500.00, it would reasonably be assumed that he would have made other provisions for the vesting of the title to the real estate. The absence of any suggestion that the testator contemplated the failure of the devise indicates a clear intent on the part of the testator to vest the title and make the payment to the granddaughter a charge against the estate. The above reasoning was stressed in *Votapka v. Votapka,* 136 Kan. 224, 14 P. 2d 732, where the court in distinguishing *Crowley v. Nixon,* 127 Kan. 178, 272 Pac. 104, relied on by appellant in this appeal, stated beginning at page 226 of the opinion:

"It is conceded that the payments were not made within the time specified in the will, and appellant contends that the case of *Crowley v. Nixon,* 127 Kan. 178, 272 Pac. 104, is authority for holding that the will created a condition, and until compliance with the condition the estate did not vest. In the Nixon will provision is made for the acceptance of the conditions contained in the will, and it is provided that in the event the devisee fails to accept the conditions the executor shall sell the property and make distribution of the proceeds. This was held to be a condition precedent, and upon the failure to make the payment the land reverted to the heirs according to the provisions of the will. It will be noted that there is a clear distinction between the Nixon will and the will under consideration. The testator makes an absolute bequest of the property to the appellee and then provides for the payment of $3,000 to the appellant within one year after the death of the testator. No provision is made for the acceptance or rejection of the devise and nothing is said about the disposition of the property in the event the appellee fails to accept under the will. There is the absence of any suggestion that the testator contemplated the possibility of the failure of the devise. This indicates a clear intent on the part of the testator to vest the title and make the legacy a charge against the devise."

We are constrained to hold that the testator made an absolute bequest of the real estate to Roy W. Savage and Grace M. Helt, subject nevertheless to the payment of $1,500.00 to the granddaughter, Doris Bloomfield, which the testator intended should be a charge against the real estate.

The title to the real estate having vested the rule against perpetuities has no application.

The judgment is affirmed.

APPROVED BY THE COURT.