Maria Valdez RUBIO et al., Appellants,

v.

Julian VALDEZ et al., Appellees.

No. 5457.

Court of Civil Appeals of Texas, Eastland.

July 24, 1980.

Rehearing Denied Aug. 21, 1980.

M. N. Garcia, Garcia & Ganne, Austin, for appellants.

Richard Hoerster, Dooley & Hoerster, Gerald Schmidt, Fredericksburg, for appellees.

McCLOUD, Chief Justice.

The issue is whether a devise of real property was conditional or absolute.

Plaintiffs, Julian Valdez, Esequiel Valdez, Raul Valdez, Pedro Valdez, Mary Ann Ramirez, Greg Allen Valdez and Mark Valdez, were granted a summary judgment declaring that the real property in question was devised to Jesus Valdez subject to a "charge" in the amount of $5,000 in favor of defendants. The court further decreed that the $5,000 payment was secured by a preferential lien against the property. Defendants, Maria Valdez Rubio, Paula Valdez Rodriguez, Isidra Valdez, Angel Valdez, Anita Sanchez, Demetrio Valdez and Raymond Rodriguez, appeal. We affirm.

The will of Tiburcia Valdez, who died on August 9, 1964, provided in part:

II.

After the payment of my just debts and funeral expenses, I give, devise and bequeath unto my son, Jesus Valdez, all of the real estate that I may own at the time of my death, which real estate consists of 247.5 acres of land, more or less, out of and part of Survey No. 68, J. W. and R. Leavitt, and Survey No. 62, J. W. and R. Leavitt, in Gillespie County, Texas, upon his paying to my other children, over a period of no more than twelve (12) years, the total sum of Ten Thousand and No/100 ($10,000.00) Dollars, as follows: The sum of $1,666.67 to be paid to my son, Julian Valdez; the sum of $1,666.67 to be paid to my daughter, Maria Valdez Rubio; the sum of $1,666.67 to be paid to my daughter, Paula Valdez Rodriguez; the sum of $1,666.67 to be paid to my daughter, Isidra Valdez; the sum of $1,666.67 to be paid to my son, Angel Valdez; and the sum of $1,666.67 to be paid to my son, Demetrio Valdez. Said sum of $1,666.67 to be paid to each of my said other children by my son, Jesus Valdez, shall bear no interest and shall be paid in annual installments of at least $138.89 to each of said children.

The total sum of $10,000.00 to be paid to my said other children by my son, Jesus Valdez, for the 247.5 acres of land, more or less, is to be the total price for said tract of land, and in the event it is found that I have a fractional interest instead of the entire interest in said tract of land, then in that event, said sum shall be reduced proportionately so that my son, Jesus Valdez, shall not be required to pay more than $10,000.00 to my other children for the entire interest in said 247.5 acres of land, more or less, above referred to.

III.

All the rest and residue of my estate I give, devise and bequeath unto my children, Jesus Valdez, Julian Valdez, Maria Valdez Rubio, Paula Valdez Rodriguez, Isidra Valdez, Angel Valdez, and Demetrio Valdez, in equal parts, share and share alike.

At the time of her death, Tiburcia Valdez owned only an undivided one-half interest in the real property described in her will. Her son, Jesus Valdez, died intestate on January 4, 1975. He did not pay the sums of money specified in the will of Tiburcia Valdez.

Defendants contend that the court erred in granting plaintiffs' motion for summary judgment, and in denying their motion for summary judgment, because the will created a condition precedent or, in the alternative, a condition subsequent, and the estate did not vest until the condition was fulfilled or, in the alternative, vested subject to divestment when the condition was not satisfied. Plaintiffs argue that the property was unconditionally devised in absolute fee simple to Jesus Valdez, subject only to a charge. We agree with plaintiffs.

We have found no controlling Texas authority. Other states, however, have consistently held that similar language creates a vested fee simple interest subject to a charge against the property to secure the payments required by the will.

In *Ditchey v. Lee*, 167 Ind. 267, 78 N.E. 972 (1906), the testator devised certain land to his daughter "upon the condition" that

she pay her mother $100 annually. After noting that no provision was made in the will for forfeiture of the title, nor a devise over to the mother or anyone else in the event of default of payment, the court held that the title devised was not conditional, but absolute, subject only to the specific lien charged against it, and that in case of default in payment the remedy would be foreclosure of the lien and not forfeiture of the land.

The testatrix in *Spangler v. Newman*, 239 Ill. 616, 88 N.E. 202 (1909) devised to a son certain real estate "on the condition" that he pay a sum to the other children of the testatrix within one year after her death. The court held that the son took title to the real estate subject to the payment of the legacies, which constituted a charge thereon.

In *Schrader v. Schrader*, 158 Iowa 85, 139 N.W. 160 (1912), the court observed:

After a somewhat extended search of the authorities, we have failed to find a decision holding that a devise made upon condition that the devisee pay a stated sum of money to another person, and providing no limitation over upon failure to make such payment, has been held a condition precedent. On the contrary, the cases hold with great unanimity that such a provision is in the nature of a legacy to the third person so designated, and is to be treated as a charge upon the land so devised.

*Schrader* was followed in *Sick v. Rock*, 240 Iowa 58, 37 N.W.2d 305 (1949) wherein the will being construed devised certain land to the testator's son "but upon the express condition that he shall within six months thereafter, pay the sum of three thousand dollars in cash to each of my three daughters." The court held that the devise to the son was vested subject only to a charge or lien.

In *Mathews v. Savage*, 195 Kan. 501, 407 P.2d 559 (1965), the testator devised a remainder interest to his son and daughter "upon their paying" to his granddaughter $1,500. The court said:

In searching for the testator's intent we are also greatly influenced by the fact that there was no provision for the disposition of the estate on the failure of Roy and Grace to pay the $1,500.00. Had the testator intended the real estate to vest in Roy and Grace only if they paid the $1,500.00, it would reasonably be assumed that he would have made other provisions for the vesting of the title to the real estate. The absence of any suggestion that the testator contemplated the failure of the devise indicates a clear intent on the part of the testator to vest the title and make the payment to the granddaughter a charge against the estate.

See also *Overturff v. Miller*, 247 Iowa 284, 71 N.W.2d 913 (1955) and *Cronin v. Cronin*, 314 Ill. 345, 145 N.E. 619 (1924).

Our Supreme Court in *Haldeman v. Openheimer*, 103 Tex. 275, 126 S.W. 566 (1910) approved language from *Harris v. Fly*, 7 Paige (N.Y.) 425, which stated that: "where the real estate is devised to the person who by the will is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised."

We have considered all points of error, and all are overruled. Judgment of the trial court is affirmed.