No. 29,194.

In the Matter of the Estate of SARAH G. WHITE, Deceased; THE SALVATION ARMY OF TOPEKA, *Appellant,* v. MARTHA G. WATTS, as Executrix, etc., *Appellee.*

(288 Pac. 764.)

Opinion filed June 7, 1930.

*Hugh T. Fisher, Irwin Snattinger, Eldridge H. Henning, William R. Baker* and *E. B. Smith,* all of Topeka, for the appellant.

*J. J. Schenck* and *C. P. Schenck,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The question for decision in this case is whether a party named as legatee in an uncontested will is entitled to a share of the estate of the testatrix. On December 3, 1916, Sarah G. White executed a will, which contained, among other things, a bequest to the Salvation Army of $500 for the express purpose of assisting in the erection of a building within a stated time, to be used by the Salvation Army for religious services and other purposes. The following is a copy of the fourth paragraph of the will, the provision pertaining to the matter in controversy:

"Fourth: Subject to the provision contained in this item, I give, will, devise and bequeath to the Salvation Army at Topeka, Kan., the sum of five hundred dollars for the express purpose of assisting such body in erecting a building for religious services and other purposes of such association, at Topeka, Kan.: *Provided,* That this bequest is upon the express condition that actual building operations be commenced upon such building within two years after my decease, and in case such building operations are not begun within two years after my demise, then this bequest shall fail and the sum bequeathed in this item become and be a part of my residuary estate."

Mrs. White died on August 29, 1923. It appears that after December 3, 1916, the Salvation Army erected a building in Topeka for religious services and other purposes at a cost of $55,087.77, and a mortgage of $14,500 was placed upon it when the building was erected. It was dedicated on February 20, 1920. The building erected has been and is used for religious purposes and the Salvation Army has not erected or begun the erection of any other building in Topeka since the date of Mrs. White's death. The will was duly admitted to probate and the executrix, Martha J. Watts, proceeded with the administration of the estate. In due time she served notice of her intention to close the estate and asked the probate court for an order determining who were the devisees under the will. At that time the Salvation Army claimed to be entitled to the $500 mentioned in the will, but after consideration this claim was denied, the probate court holding that the amount named in the fourth paragraph of the will should go to the residuary estate. An appeal from that order was taken to the district court and on February 2, 1929, when the matter was heard, the court adjudged that under the terms of the will the Salvation Army was not entitled to the $500 mentioned in the will because the bequest had lapsed. A copy of this judgment was sent to the probate court on May 31, 1929. No

order staying the judgment rendered was obtained, and no notice of appeal having been served, the executrix after due notice made final settlement of the estate on June 6, 1929. At that time the probate court made an order of distribution which was carried out, and the court then finding that the estate was fully and finally closed, and all orders of the court complied with, entered an order discharging the executrix and her sureties and releasing them from any liability on the bond that had been given. Afterwards, and on July 17, 1929, the Salvation Army served notice of appeal and it is here contending that the judgment of the district court should be reversed.

It will be observed that the testatrix did not make an unconditional bequest. It was given subject to and upon an express condition. In disposing of her property she had a right to impose any condition she pleased, provided it was not contrary to law or public policy. The condition she imposes might appear to others to be finical or unimportant, but it is her own will, and if the condition is clearly expressed and indicates her purpose, it cannot be ignored or treated as unimportant. She made it clear that if the condition imposed was not carried out the conditional gift should go into the residuary estate. Her intention as manifested by the language of the will is, of course, the controlling consideration in construing the instrument. What did she mean when she provided that a building should be commenced "*within* two years after my death," and when she added that if the building operations were not begun "*within* two years after my death" the bequest shall fail? The language is simple and plain and where language of a will is free from ambiguity construction is not necessary or warranted. Does the fact that the Salvation Army erected a building years before the death of Mrs. White fulfill the condition that a building shall be started within two years after her death?

It is contended that the restriction mentioned should be liberally interpreted and the expression "within two years after my death" considered as meaning not later than two years after my death, and not beyond that period. This interpretation would practically eliminate the word "within." That term is defined as:

"(1) In the inner or interior part of; inside of; not without. (2) In the limits or compass of; not longer in time than, as within an hour. (3) Hence inside the limits, reach or influence of; not going outside of." (Webster's Internat'l Dict.)

The same lexicographer defines "after" in the connection in which it was used as "later in time; subsequent to." The word "after" fixes the time when performance *may* be begun and the right to perform a condition within a certain time thereafter, fixes the time in which it *shall* be done. In *Conroy v. Perry*, 26 Kan. 472, the meaning of similar terms used in a mechanic's lien statute was considered. The statute required the statement for a lien should be filed within four months after the completion of the building. A statement was filed about four months before the building was completed and it was argued that the purpose of the provision was to fix the termination and not the commencement of time. The court held that the act of filing to be effective must be done within the prescribed time and could not be done before that time. It was said:

"While the lien law, like other provisions of the code, is to be construed liberally and in the interests of justice, so that if there be a doubt as to the day of the completion of the building, the doubt is to be resolved in favor of the lien claimant, yet such liberal construction does not permit that the terms of the statute itself be disregarded; and when the petition affirmatively discloses that the lien statement was filed nearly five months before the completion of the building, it does not disclose a valid lien." (p. 475.)

In regard to the performance of a prescribed condition of a will within a fixed time, it has been said:

"When a condition precedent or a condition subsequent is provided for in a will, and a time is given in which the devisee is to comply therewith, ordinarily it must be performed within that time." (*Crowley v. Nixon*, 127 Kan. 178, 180, 272 Pac. 104.)

In 40 Cyc. 1723 it is said:

"Where a will specifies the time for the performance of a condition precedent or subsequent, it must as a rule be performed at or within that time."

In 1 Underhill on Wills, p. 644, the author said:

"A condition precedent to the vesting of an estate must be strictly and wholly complied with in every particular before the estate shall vest."

It is urged that the principal concern of Mrs. White, so far as this item of the will was concerned, was that the Salvation Army should procure a building for religious and other services in Topeka, and that it could have been a matter of little interest to her as to when building operations should begin. She was at liberty to make an absolute gift for that purpose, but for reasons sufficient to herself she chose rather to make the gift on definite conditions ex-

pressed in words of common use which are not of doubtful character. The purpose of the gift was laudable, and evidently the testatrix was generously disposed towards the donee, but she concluded to make a donation subject to conditions. It must be assumed that she understood the conditions imposed and it will be conceded that she had the right to dispose of her property according to her own desires and judgment, and not in a way that others might regard to be more reasonable and wise. If we should construe away the terms "within" and "after," how far might the court go in changing the terms of a will? A number of instruments are open to reformation, but a will is one instrument which a court has no power to reform. (*Dye v. Parker,* 108 Kan. 304, 194 Pac. 640, 195 Pac. 599.)

While the whole instrument may be considered in search of the intention of the testatrix, it is also the rule that it is the duty of the court to consider and give effect to every part of the will which includes the conditions in question. It is an admitted fact that no building operations were commenced after the death of the testatrix, and it is held that—

"While a will operates from date of the testator's death, the testator's intention is that expressed by the will." (*Warlick v. Boone,* 120 Kan. 148, 149, 242 Pac. 135. See, also, *Purl v. Purl,* 108 Kan. 673, 197 Pac. 185.)

When there is noncompliance with a prescribed condition in the will the bequest cannot vest. (*Merrill v. Wisconsin Female College,* 74 Wis. 415.)

The judgment of the district court is affirmed.