**Harry W. ANISGARD, Plaintiff,**

v.

**EXXON CORPORATION, Defendant.**

**Civ. A. No. 75–1626.**

United States District Court,
E. D. Louisiana.

Dec. 23, 1975.

Benjamin E. Smith, New Orleans, La., for plaintiff.

Frederick S. Kullman, New Orleans, La., Richard E. Black, Baton Rouge, La., E. Burt Harris, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge.

Harry Anisgard, a professional geologist for the defendant Exxon Corporation until his job terminated on June 30, 1973, has filed suit in this court alleging that he was discriminated against in his employment because of his age, in violation of 29 U.S.C. §§ 621–634. The issues that arise now on motion for summary judgment concern the timeliness of Mr. Anisgard's action against Exxon: did the plaintiff file suit within the two year statute of limitations imposed by 29 U.S.C. § 255, and, if he did, did he timely file a notice of intent to sue with the Department of Labor as required by 29 U.S.C. § 626(d)(1)?

■ The definitive point at which plaintiff's cause of action arose was the date his job at Exxon actually terminated, June 30, 1973. See *Moses v. Falstaff Brewing Corp.*, 8 Cir. 1975, 525 F.2d 92, 11 FEB Cases 828. Since plaintiff's suit was filed on May 28, 1975, two days before the end of the allowable period for filing suit, this suit is not barred by 29 U.S.C. § 255. It is therefore not necessary to reach the plaintiff's argument that the three year statute of limitations provided for "willful" violations of the Act should apply to this case.

■ Defendant contends that, if the suit misses Scylla because it was filed within two years of June 30, the plaintiff is sucked into Charybdis because he

fails to meet the requirement of 29 U.S.C. § 626(d)(1):

> No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—
>
> (1) *within* one hundred and eighty days *after* the alleged unlawful practice occurred . . .. (Emphasis supplied.)

Stressing the statutory word "after", the defendant contends the notice was not properly given because the plaintiff gave notice of his intent to sue *before* his employment was terminated.

■ While words reflect thought, they are no more thought than mirrors' images are reality. Where a statute is clear and unambiguous, its "plain meaning" must be accepted, and the statutory purpose should not be sought on the pretext that the legislature said more or less than it intended. But the meaning of the statutory words "within 180 days after" an event is not self-evident. The words *might* mean "within a period beginning with the event and ending 180 days later" or they might mean "within a period that ends 180 days after the event," without regard to when the period began.

The purpose of any such limitation period is to put an *end* to the time when an action may be taken. That was Congress' purpose here. It required a notice to be filed. Then it required that the notice be filed no later than a certain time. It said nothing about how early the notice might be filed. The legislative desire, demonstrated by an amendment offered in the Senate, that a time be set limiting the final date for notice to sue does not demonstrate that the

Senate was equally concerned about the earliest possible date for notice.

The statute gives no suggestion that Congress considered the possibility of notice being given before job termination. This may be because it assumed that few employees would further jeopardize their jobs by filing a notice of intent to sue before actual termination of employment. But in any event it requires an act of interpretation to determine whether the statute implies that the notice may not be given in advance of the act that triggers the 180 day period. To determine whether that is implied we look to the purposes of the notice requirement.[1] That provision was designed to foster conciliatory efforts by the Department of Labor (See House Report No. 805, section 7) and to enable the future defendant to prepare for suit. Notice given in advance of actual job termination would, if anything, promote the dual purposes of the notice requirement.

In a particular case, notice might be so early as to defeat the purposes of the notice requirement. Here the notice was given after the dispute had arisen and within a reasonable time before suit was filed. The Act itself imposes no requirement that the notice be given at a time proximate to the actual filing of suit: once notice is given, suit may be brought at any time within a two year period. The issue of prejudice from premature notice does not arise in this lawsuit because the defendants have not alleged that they were prejudiced by receiving the plaintiff's notice in advance of the actual job termination.

■ Judge Wisdom, in a recent Title VII suit warned against rigid interpretation of a timing of notice requirement similar to the 180 day notice requirement

---

1. Assiduous counsel for defendant has cited a 1930 Kansas decision, interpreting a will using language similar to that in this statute. *In re White's Estate,* 1930, 130 Kan. 714, 288 P. 764; and a 1949 Texas case interpreting a statute with respect to election contents, *Maddox v. Commissioner's Court of Palo Pinto County,* Tex.Civ.App., 222 S.W.2d 475. These cases do

indicate that the language used by Congress *might* mean what the defendant says; and that, in other circumstances, other courts have found comparable language to fix both boundaries of the time requirement. But they do not show that the language is so clear as to require no interpretation.

at issue in this case. *Reeb v. EEOC,* 516 F.2d 924, No. 74–2913, 1975. Particularly in the context of civil rights actions, timing requirements must be construed so as to give effect to the broad remedial purposes of the legislation. In a suit under the Age Discrimination Act, the Eighth Circuit expressed a similar admonition:

> A procedural requirement of the Act, of doubtful meaning in a given case, should not be interpreted to deny an employee a claim for relief unless to do so would clearly further some substantial goal of the Act.

*Moses v. Falstaff Brewing Corp.,* 1975, 525 F.2d 92, at 94, 11 FEB Cases 828, at 829. There is no reason in the circumstances of this case to depart from the sensible rules of construction adopted in these two cases. Defendant's motion for summary judgment is DENIED.