**Albert L. THOMAS, Jr., Appellee,**

v.

**BROWN & ROOT, INC., Appellant.**

**No. 83–1942.**

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1984.

Decided Aug. 29, 1984.

Frank P. Ward, Jr., Raleigh, N.C. (John Turner Williamson, Maupin, Taylor & Ellis, P.A., Raleigh, N.C., on brief), for appellant.

C. Everett Thompson, Elizabeth, N.C. (Trimpi, Thompson & Nash, Elizabeth, N.C., on brief), for appellee.

Before SPROUSE and ERVIN, Circuit Judges, and MICHAEL,* District Judge.

PER CURIAM:

Brown & Root, Inc. (the Company) appeals from a $50,000 jury verdict awarded to Albert L. Thomas, Jr., under the Age Discrimination in Employment Act (ADEA). Before trial, Brown & Root filed a motion to dismiss alleging that Thomas

---

* Honorable James H. Michael, Jr., United States District Judge for the Western District of Virginia, sitting by designation.

had failed to file a timely administrative charge. The district court denied the motion. Brown & Root's motion not to submit the issue of retaliation to the jury was also denied. At the close of the evidence, Brown & Root moved for a directed verdict, and that motion was denied. The Company now appeals these rulings of the district court. Finding that Thomas failed to file an administrative charge relating to the allegedly discriminatory firing that was the subject of his complaint, we reverse the judgment below.

## I.

In 1971 Thomas began work for Brown & Root in Southport, North Carolina, at the age of 56. The Company transferred him to Scotland in 1974 to serve as a member of Brown & Root's management group supervising the Company's involvement in North Sea oil explorations. After one and a half years, he was transferred to Rotterdam. On February 19, 1979, Thomas received notice that his assignment in Rotterdam would end on February 28, 1979. Upset at the prospect of unemployment, Thomas contacted R.O. Wilson, the head of Brown & Root's London office and the person who had assigned Thomas to Rotterdam. Thomas testified that Wilson told him Brown & Root was discharging him because he was too old.

In May of 1979, Thomas sought information from the Equal Employment Opportunity Commission (the Commission) about age discrimination law. At about the same time, he told Keith Trainer, the head of international personnel for Brown & Root, of his interest in further employment with the company. On August 12, Trainer told Thomas that Brown & Root did not have a job for him at that time but not to be discouraged. Thomas filed a formal charge with the Commission against Brown & Root on August 15, 1979.

On August 17, the Company offered Thomas a job in Alexandria, Louisiana, which Thomas accepted. Shortly thereafter Trainer asked Thomas to drop his charge of discrimination. Thomas refused. Brown & Root again discharged Thomas on October 27, 1979. The Company gave him a reduction in force slip even though there were no general reductions in force at the time. Watson Gillikin, the Alexandria project manager, testified that Thomas "never did get holt to [sic] the job," and that clients complained about him. Gillikin testified that Thomas asked for a reduction in force slip so it would be easier to find future employment. Thomas, however, told a different story. Thomas testified that when he asked Gillikin why his job termination form did not give the real reason he was fired, Gillikin simply laughed.

Without filing another administrative charge with the Commission, Thomas filed a complaint in district court on October 23, 1981, alleging that Brown & Root had violated the ADEA when it fired him in October of 1979. Thomas made no reference to the February 1979 termination in his district court complaint, and the complaint did not contain allegations that Brown & Root engaged in continuous violations of the ADEA.

## II.

29 U.S.C. § 626(d) states that "[n]o civil action may be commenced by an individual [under the ADEA] until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—(1) within 180 days after the alleged unlawful practice occurred .... " The only unlawful practice alleged by Thomas in his complaint was the October 1979 firing. Thomas failed to file a charge after this event.[1] Thomas now attempts to escape the plain meaning of § 626(d) by arguing that his August 1979 charge should be related forward to cover

---

1. Because the administrative charge filed by Thomas did not relate to the discriminatory act alleged in his complaint, the sufficiency of that charge is not an issue in this case. We note, however, that the charge was filed more than 180 days after the February 1979 discharge, *see Price v. Litton Industries*, 694 F.2d 963 (4th Cir. 1982), and that it related to an overseas firing not covered by the ADEA. *See infra* at 281.

the October 1979 firing. In support of this argument, Thomas cites *Anisgard v. Exxon Corp.,* 409 F.Supp. 212 (E.D.La.1975).

In *Anisgard,* Judge Rubin noted that the ADEA requires a charge to be filed within 180 days "after" the alleged unlawful practice occurred, but he held that although the plaintiff gave notice of his intent to sue before his termination, his notice satisfied the statutory requirement where it was given after the dispute had arisen and within a reasonable time before suit was filed. Judge Rubin arrived at this conclusion by looking at the purposes of the notice requirement: "That provision was designed to foster conciliatory efforts ... and to enable the future defendant to prepare for suit. Notice given in advance of actual job termination would, if anything, promote the notice requirement." 409 F.Supp. at 214.

We need not adopt the reasoning of *Anisgard* for all purposes. In this instance, it suffices to say that *Anisgard* does not support Thomas's position. *Anisgard* involved a situation in which the employer's continuous course of discriminatory conduct resulted in a discharge. A charge filed at any time during this continuous course of conduct gives notice of possible intent to sue and provides the Commission with an opportunity to conciliate. Thomas, however, did not allege a continuous course of discriminatory conduct. *See Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). He alleged a discrete act of discrimination about which he gave no notice of an intent to sue or to seek conciliation. Furthermore, his initial charge did not give the Commission an opportunity to act as a conciliator. The initial administrative charge involved a discharge overseas, and the ADEA cannot be applied extraterritorially. *See, e.g., Cleary v. United States Lines, Inc.,* 728 F.2d 607 (3rd Cir.1984). Therefore, the Commission did not have jurisdiction to pursue conciliation.

Because Thomas did not file an administrative charge relating to the discriminatory act alleged in his complaint, the district court did not have jurisdiction over the suit. In light of our disposition of this issue, we find it unnecessary to address the other issues raised on appeal.

III.

The judgment of the district court is accordingly

REVERSED.