750 F.2d 827
 36 Fair Empl.Prac.Cas. 865,
35 Empl. Prac. Dec. P 34,849
Jerry N. ZAHOUREK, Plaintiff-Appellant,
v.
ARTHUR YOUNG AND COMPANY, Defendant-Appellee,
Equal Employment Advisory Council, Amicus Curiae.
 No. 83-2153.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 19, 1984.
 
 Eugene Deikman, P.C., Denver, Colo., for plaintiff-appellant.
 Paul J. Ostling, Associate Gen. Counsel, New York City (Richard I. Janvey, Associate Gen. Counsel, New York City, and H. Thomas Coghill of Coghill & Goodspeed, P.C., Denver, Colo., with him on brief), for defendant-appellee.
 Robert E. Williams, Douglas S. McDowell, Edward E. Potter, and Barbara L. Neilson of McGuiness & Williams, Washington, D.C., for amicus curiae, Equal Employment Advisory Council.
 Before LOGAN, SEYMOUR and McWILLIAMS, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 The principal issue is whether the provisions of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621, et seq., as amended, apply to the termination of employment of an American citizen by an American employer where the place of employment is in a foreign country. The district court held that the Act did not so apply. We agree.
 
 
 2
 Jerry N. Zahourek, a citizen of Colorado, brought the present action pursuant to the Act in the United States District Court for the District of Colorado against Arthur Young & Company, a partnership organized in the State of New York and maintaining offices throughout the world. From the complaint we learn that Zahourek, a certified public accountant specializing in international consulting, was first employed by Arthur Young in South Vietnam in 1973, and thereafter, until his termination on June 30, 1981, was employed by Arthur Young at offices located outside the United States, except for a period of three to four months when his place of employment was Washington, D.C. Most recently, Zahourek was employed in Honduras by Arthur Young from 1978 until his termination on June 30, 1981. Without getting into unnecessary surrounding detail, Zahourek alleged in his complaint that his employment was terminated because of his age. At the time of his termination, Zahourek was 43 years of age.
 
 
 3
 Arthur Young filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1), (6), alleging, inter alia, that the Act does not cover employment in Honduras. The district court agreed with Arthur Young's contention that the Act was not intended by Congress to have extraterritorial effect and granted summary judgment in favor of Arthur Young. In granting summary judgment, as opposed to granting the motion to dismiss, the district court noted that both parties had relied on matter not contained in the pleadings. The district court's Memorandum Opinion and Order appear as Zahourek v. Arthur Young & Company, 567 F.Supp. 1453 (D.Colo.1983).
 
 
 4
 Counsel for Zahourek concedes that every court that has considered the question has held that the Age Discrimination in Employment Act is not to be given extraterritorial effect. In addition to the district court's Memorandum Opinion and Order in the instant case, see Pfeiffer v. Wm. Wrigley Jr. Co., 573 F.Supp. 458 (N.D.Ill.1983), appeal docketed, No. 83-2935 (7th Cir. Nov. 2, 1983); Cleary v. United States Lines, Inc., 555 F.Supp. 1251 (D.N.J.1983), aff'd, Cleary v. United States Lines, Inc., 728 F.2d 607 (3d Cir.1984); Osborne v. United Technologies Corp., 16 Fair Empl.Prac.Cas. [BNA] 586 (D.Conn.1977). We are in accord with the reasoning and the result reached by the district court in the instant case, and hold that the Act does not apply to the termination of employment of an American citizen by an American employer where, as here, the "work place" is in Honduras.*
 
 
 5
 Zahourek would escape the general rule above stated by claiming, alternatively, that this is not really a case of alleged age discrimination occurring in Honduras, but in reality is an instance where he was denied transfer from outside the United States to employment within the United States. However, as the district court stated, "The discriminating effect was on Zahourek's place of employment--Honduras ...." 567 F.Supp. at 1457. We agree. A denial of a transfer within the company of an employee working in a foreign country is not covered by the ADEA because that employee's services at the time of the requested transfer "are performed in [the employer's] workplace within a foreign country" within the meaning of the FLSA. 29 U.S.C. Sec. 213(f).
 
 
 6
 Although the matter was apparently not pressed in the district court, in this Court counsel points out that Zahourek not only sought monetary damages, but also asked for injunctive relief. We fail to see how his request for injunctive relief brings the instant case out from under the general rule that the Age Discrimination in Employment Act is not to be given extraterritorial effect.
 
 
 7
 There is the further suggestion that a different result should obtain here because of 22 U.S.C. Sec. 1731. We fail to see the pertinency of Sec. 1731. The district judge gave this particular argument careful consideration and found it to be unavailing. We are in accord with his analysis of the matter.
 
 
 8
 Judgment affirmed.
 
 
 
 *
 In support of the result reached by the district court, we note that the Supreme Court has repeatedly made clear that "[t]he canon of construction which teaches that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States ... is a valid approach whereby unexpressed congressional intent may be ascertained." Foley Bros., Inc. v. Filardo, 336 U.S. 281, 285, 69 S.Ct. 575, 577, 93 L.Ed. 680 (1949) (emphasis provided); see also Benz v. Compania Naviera Hidalgo, 353 U.S. 138, 77 S.Ct. 699, 1 L.Ed.2d 709 (1957); Blackmer v. United States, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932). A fortiori, when clearly expressed Congressional intent exists, as in the ADEA's adoption of 29 U.S.C. Sec. 213(f) of the Fair Labor Standards Act ("FLSA") providing for no extraterritorial application, courts should be loath to circumvent such intent. The Supreme Court has also explicitly held that in interpreting the ADEA's provision incorporating the FLSA, Congress should be deemed to have fully understood the FLSA and to have intended to fully incorporate its remedies and procedures. Lorillard v. Pons, 434 U.S. 575, 580-82, 98 S.Ct. 866, 869-71, 55 L.Ed.2d 40 (1978). Further, interpretive guidelines under the ADEA which were promulgated by the Department of Labor in 1969 provide that the prohibitions allegedly violated in the instant case "are considered to apply only to performance of the described discriminatory acts in places over which the United States has sovereignty, territorial jurisdiction, or legislative control." 29 C.F.R. Sec. 860.20