W.E. GEORGE, Alice M. George, Thomas H. George, and Alice Ellaree George; and Hugh Standley, Margie Standley, Mary E. Hodges and Gurney Hodges; Appellants,

v.

TOWN OF BEARDEN, a municipal corporation, Appellee.

Nos. 59747, 59748.

Court of Appeals of Oklahoma, Division 2.

Feb. 5, 1985.

Rehearing Denied April 10, 1985.

Certiorari Denied June 5, 1985.

Released for Publication by Order of Court of Appeals June 7, 1985.

Allen B. Mitchell, J. Bruce Schultz, Mitchell & Schultz, Sapulpa, for appellants.

Mary Ann Karns, Edmond, for appellee.

REIF, Presiding Judge.

Landowners brought suit attacking action of Town of Bearden, Okfuskee County, annexing their land and the subsequent denial by Town to detach the annexed territory. The court granted judgment against Landowners and denied any recovery specifically ruling that Town's annexation of Landowners' property and refusal to detach the annexed property was in compliance with Oklahoma law.

Landowners appeal this ruling asserting Town's annexation was illegal and should be set aside because (1) its action annexing the property occurred during and not following the publication of notice for two consecutive weeks as required by law; (2) the area is largely rural and agricultural and annexation would not benefit either Town or the land and therefore was improper, unreasonable, arbitrary, and capricious; and (3) the annexation was improp-

erly motivated and was a mere pretext to prohibit one of the Landowners from using his land for a waste injection well. Landowners similarly complain of Town's refusal to detach the annexed territory.

■ Having reviewed the record and applicable law, we agree with Landowners' proposition that the annexation by Town was jurisdictionally premature. We reverse on that ground alone. We accordingly find it unnecessary to address or decide the other propositions and issues raised by Landowners and Town.

An annexation petition by three-fourths of the registered voters and owners of three-fourths (in value) of the property adjacent or contiguous to Town was filed pursuant to 11 O.S.1981 § 21–105. This statute requires that notice of the presentation of the petition must be given by publication at least once each week for two successive weeks in a newspaper of general circulation in the municipality where the petition has been presented. The statute concludes with a permissive authorization for the governing body of the municipality to annex the territory *after* "the notice of the petition has been given."

It is undisputed in this case that the statutory notice was published in the *Okemah News Leader,* a newspaper of general circulation in Town and all of Okfuskee County, on August 27, 1981, and September 3, 1981. It is further undisputed that the Board of Trustees of Town acted on the petition and annexed the territory on September 6, 1981. Landowners contend this action occurred prior to the expiration of the statutory notice period.

A similar issue was considered in *Missouri-Kansas-Texas R.R. v. Maltsberger,* 189 Okla. 363, 367, 116 P.2d 977, 981 (1941). In that case the court held an annexation notice had been published for the required two successive weeks where the action of annexation occurred on the fourteenth day after the first publication. The court applied the existing statutory rule of 12 O.S. 1931 § 73, of "[t]he time within which an act is to be done shall be computed by excluding the first day, and including the last." *Compare with* 12 O.S.1981 § 73, and 12 O.S.Supp.1984 § 2006(A).

In other words, *the act* to be done is the giving of notice of the presentation of the petition by publication, while *the time* within which such act is to be done, is two successive weeks. Under the *Maltsberger* rule, the notice in this case would not have been published for two successive weeks until the fourteenth day after the first publication of August 27, 1981, or until September 10, 1981. That is the earliest date upon which the Town was authorized to act.

The statute plainly states that the governing board may annex *after* the notice has been given. The function of the word "after" is to fix the time when performance may begin. *In re White's Estate,* 130 Kan. 714, 288 P. 764 (1930). In reaching this conclusion, the court looked to Webster's dictionary which defined "after" as "later in time; subsequent to," and followed a case which construed a statute allowing the filing of mechanics' liens *after* completion of a building. It held for the act of filing to be effective, it must be done within the prescribed time and *could not be done before that time,* notwithstanding a rule of liberal construction in such cases. The court concluded that to hold otherwise would permit the terms of the statute to be disregarded. Title 25 O.S.1981 § 1 would dictate the same result in Oklahoma. When an act is not to take place until "after" a specific time or event, the entire period must elapse before the next act may be performed. *Fisk Discount Corp. v. Brooklyn Taxicab Trans. Co.,* 270 A.D. 491, 60 N.Y.S.2d 453 (1946).

Applying the foregoing considerations to 11 O.S.1981 § 21–105, it is clear that the governing board of a municipality cannot annex territory subject to a petition until *after* the notice has been given, for two successive weeks as defined by *Maltsberger.* In the case at bar, Town acted four days *before* the notice period had been completed. We are in complete agreement with the Kansas court that no rule of liberal construction or substantial compliance

can save any action which is so clearly premature and outside the dictates of the governing statute.

While it is true that the annexation of territory by a municipality is a legislative function, it is one bestowed upon a municipality by a proper delegation of power and authority from the legislature. *City of Bethany v. District Court*, 200 Okla. 49, 191 P.2d 187 (1948). The Supreme Court of Oklahoma has characterized the conditions precedent to exercise of annexation power as "jurisdictional facts." *Jones v. Oklahoma City*, 207 Okla. 431, 250 P.2d 17 (1952). For this reason we reject the waiver and substantial compliance arguments advanced by Town. The courts have authority to review the exercise of annexation power to ensure that a municipality has acted within the scope of legislative authority. *In re De-annexaton of Certain Real Property*, 662 P.2d 1375 (Okla.1983). The burden in a court challenge and review of annexation is upon the party challenging it. *Jones*, 207 Okla. at 433, 250 P.2d at 20. The challenging landowners met their burden by demonstrating that the annexation took place before the two week publication period was complete. Hence, such action was outside the legislative requirement and authority that it occur *after* such notice period.

The trial court is reversed. This cause is remanded with instructions to set aside the annexation.

BACON and MEANS, JJ.; concur.