**S.F. DeYOREO, Plaintiff-Appellant,**

v.

**BELL HELICOPTER TEXTRON, INC., Defendant-Appellee.**

No. 85–1415.

United States Court of Appeals, Fifth Circuit.

March 31, 1986.

Rehearing Denied April 25, 1986.

Allen L. Prince, Dallas, Tex., for plaintiff-appellant.

Beale Dean, Brown, Herman, Scott, Dean & Miles, John W. Proctor, Fortworth, Tex., for defendant-appellee.

Before WILLIAMS, GARWOOD and JONES, Circuit Judges.

PER CURIAM:

Plaintiff S.F. DeYoreo was 65 years old when, following long employment with the defendant which culminated in six years at its Canadian office in Ottawa, he was fired in 1983. Rather than eliminate DeYoreo's position, defendant filled it with a younger employee. Plaintiff brought suit against Bell Helicopter Textron, pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–64. DeYoreo appeals from a Fed.R.Civ.P. 12(b)(6) dismissal of his action, 608 F.Supp. 377 (N.D.Tex. 1985), which we are compelled to AFFIRM.

Five of our federal courts of appeals have interpreted the ADEA, prior to the 1984 amendment addressed below, to exclude from its benefits Americans working in foreign countries. *Ralis v. RFE/RL, Inc.*, 770 F.2d 1121 (D.C.Cir.1985); *Pfeiffer v. Wm. Wrigley Jr. Co.*, 755 F.2d 554 (7th Cir.1985); *Zahourek v. Arthur Young and Company*, 750 F.2d 827 (10th Cir.1984); *Thomas v. Brown and Root, Inc.*, 745 F.2d 279 (4th Cir.1984); *Cleary v. United States Lines, Inc.*, 728 F.2d 607 (3rd Cir.1984). The essential basis for these decisions is that 29 U.S.C. § 626(b) of the ADEA literally incorporates 29 U.S.C. § 213(f) of the Fair Labor Standards Act, which in turn excludes "any employee whose services during the workweek are performed in a workplace within a foreign country" 29 U.S.C. § 213(f). The *Cleary* court performed the seminal analysis which has been adopted by the other cited courts of appeals. Although *Cleary's* statutory construction is not entirely free from doubt, *see Pfeiffer*, 755 F.2d at 555–56, the *Pfeiffer* court nevertheless accepted its result because of the general presumption against extraterritorial application of federal laws.

Our conclusion, based upon deference to the growing weight of circuit court authority and upon our own independent consideration of the issue DeYoreo raises, is buttressed by a 1984 amendment to the ADEA. Effective October 9, 1984, the "term 'employee' *includes* any individual who is a citizen of the United States employed by an employer in a workplace in a foreign country" 29 U.S.C. § 630(f) (emphasis added). By necessary implication, this portion of the statute added something that was not already there. If Congress found it necessary to extend the coverage of the ADEA to foreign-employed United States citizens, the statute's reach must not originally have gone that far. As his dismissal occurred prior to the effective date of the curative amendment, DeYoreo failed to state a claim upon which relief can be granted in the federal courts.

For the foregoing reasons, the judgment of the district court is AFFIRMED.