936 F.2d 567
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dennis M. PRESNELL, Plaintiff-Appellant,
v.
SEIBELS, BRUCE & COMPANY, Defendant-Appellee.
 No. 90-2691.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 15, 1991.
Decided June 28, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-88-284-3)
 H. Ray Ham, Cayce-West Columbia, S.C., for appellant.
 Kenneth L. Childs, David T. Duff, Childs & Duff, P.A., Columbia, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dennis M. Presnell alleged in his complaint that defendant discriminated against him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq., and the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 201 et seq. The district court granted defendant's motion to strike from the complaint Presnell's allegations of constructive discharge and of a pattern and practice of discrimination. The court based its decision on its determination that Presnell did not submit these matters in the administrative charge filed with the EEOC and that the EEOC's investigation of the matters that were raised in the administrative charge did not encompass either the discharge or the pattern and practice of discrimination.[1] Presnell appeals. We affirm the district court's order granting defendant's motion to strike.
 
 
 2
 A comparison of the EEOC charge with the federal complaint reveals that the district court correctly found that Presnell did not raise the pattern and practice allegation and the claim of discriminatory discharge in his administrative charge. Under the applicable statute and case law, a prerequisite to Presnell's bringing these matters in a federal lawsuit was his bringing them in his EEOC charge. See 29 U.S.C. Sec. 626(d); Thomas v. Brown & Root, Inc., 745 F.2d 279, 280-81 (4th Cir.1984). Additionally, a plaintiff may raise in a federal action allegations of discrimination "developed in the course of [the EEOC"S] reasonable investigation of the charge." King v. Seaboard Coast Line R.R. Co., 538 F.2d 581, 583 (4th Cir.1976). There is nothing in the record to suggest that the EEOC's investigation of Presnell's charge encompassed the allegations of constructive discharge or pattern and practice of discrimination.
 
 
 3
 We accordingly affirm the decision of the district court. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 In his EEOC charge, Presnell asserted that he received unfair performance appraisals in May 1986 and January 1987 and was demoted because of his age. Additionally, Presnell stated that there were no managers in the casualty claims department over the age of 40. These matters, which Presnell raised in his federal complaint, were settled